# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIM RHODES, d/b/a TR's Quick Stop, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-09-0336-HE |
| ) | |
| JERRY LAWLEY, INC., ) | |
| d/b/a TEXOMA OIL COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In this case, plaintiff Tim Rhodes d/b/a TR's Quick Stop ("Rhodes") asserts claims against defendant Jerry Lawley Inc. d/b/a Texoma Oil Company ("Texoma") under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 et seq. ("PMPA" or "Act"). He challenges the termination of the franchise relationship between them, seeking compensatory and punitive damages. At least initially, he also sought injunctive relief for restoration of various aspects of the franchise relationship.[1] Defendant Texoma has asserted a counterclaim seeking damages for what it asserts are misrepresentations made in plaintiff's complaint.[2] It also sought, at least initially, injunctive relief to preclude further use by plaintiff of the Shell

---

[1] The parties' submissions indicate plaintiff's premises, formerly mortgaged to defendant to secure plaintiff's obligations, has been sold. Apart from rendering moot defendant's claims for foreclosure of the mortgage, it is not clear how the sale impacts the balance of the case.

[2] Defendant refers to its counterclaim as one for "fraud" or "misrepresentation," but it appears a sort of abuse of process claim is what is actually alleged.

brand and plaintiff's use of the credit card system involving Texoma and Shell.³ Both parties have moved for summary judgment on some or all of their respective claims.

The PMPA establishes minimum federal standards governing the termination of petroleum franchises. Mac's Shell Service Inc. v. Shell Oil Products Co. LLC, ___U.S.___, ___, 130 S.Ct. 1251, 1255 (2010). In general, the Act prohibits terminations of covered franchises except on specified grounds and pursuant to specified procedures. *See generally* Rhodes v. Amoco Oil Co., 143 F.3d 1369 (10th Cir. 1998). The parties are in agreement that the Act applies to the termination of their relationship.

The standard for summary judgments is familiar. Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). Here, the court has little hesitation in concluding that, at least insofar as is shown by the motions and briefs of the parties, a basis for summary judgment in either party's favor is not present.

The pleadings and briefs in this case, though accompanied at times by voluminous exhibits, are remarkably confused and imprecise, making it difficult to identify and determine the issues which one or both parties view as pertinent. Both parties liberally intermix their discussions of the sufficiency of the notice received by plaintiff with the question of whether

---

³The requested injunctive relief, like the mortgage foreclosure, may well be moot in light of intervening developments.

a substantive basis for termination existed.⁴   Other issues exist as well.

At the very least, the parties' submissions indicate there are disputed material facts and/or justiciable issues as to the following matters: whether notice of termination of less than 90 days was reasonable under the circumstances (some of which are disputed), whether the unpaid balance owed by plaintiff was a material breach of the franchise relationship,⁵ whether plaintiff's admitted purchase of unbranded (or at least non-Texoma-provided fuel) was a material breach of the arrangement,⁶ whether defendant altogether denied plaintiff access to

---

⁴For example, plaintiff asserts at p. 7 of his response brief [Doc. #48] that the proper issue is not whether defendant had a legitimate basis to terminate the franchise, but whether the notice given was appropriate in the circumstances. But on the following page, he then "vehemently disputes the contentions that Defendant had any legitimate basis for this termination ...." Id. at p. 8 (emphasis in the original). Similarly, both parties refer to 15 U.S.C. §2802(c)(10), which essentially identifies events which might be deemed a material breach of the relationship, as applying to the amount of notice required under §2804.

⁵There appears to be no dispute that plaintiff was behind in his payments on account in at least some amount. However, there is evidence that the amount actually owing at the date of termination (while disputed) was substantially less than the balances routinely allowed by defendant during the prior course of the relationship and that the unpaid amounts were fully secured. There is also evidence, helpfully provided by defendant, which indicates it continued to pay plaintiff a 1% "prompt payment" discount despite plaintiff's payment history. Whatever impact that information may otherwise have, it could also be interpreted as some evidence that defendant did not necessarily view the problems as to plaintiff's account status as material. For a termination to be proper under the PMPA, the Act requires a sort of materiality standard to be met. See 15 U.S.C. §2802(b), (c).

⁶In other circumstances, the purchase and sale of unbranded fuel might clearly qualify as a material breach of a franchise agreement. Here, however, the "franchisor" who pursued termination is not Shell, but rather an intermediate distributor/jobber and there is evidence that, on occasion, it sold unbranded fuel to plaintiff. There is also evidence that defendant acquiesced in plaintiff's purchase of fuel from others. The result is at least a question as to the materiality of plaintiff's breach.

fuel at some pertinent point (as opposed to refusing to sell on credit), and what the agreement of the parties was as to delivery charges for the fuel plaintiff purchased. There may be others. In any event, summary judgment is not appropriate here.

Accordingly, plaintiff's motion for partial summary judgment [Doc. #46] and defendant's motion for summary judgment [Doc. #47] are **DENIED**. The court notes that defendant's motion to strike an additional expert is pending, but that plaintiff has neither designated an additional expert within the time previously allowed by the court nor responded to the motion. In these circumstances, the motion [Doc. #43] is **STRICKEN**. No "additional" experts will be permitted to testify.

In light of the confused and confusing state of the claims and pleadings in this case, <u>both</u> parties are directed to give serious, focused, organized attention to the filing, by June 15, 2010,[7] of a proposed pretrial order which clearly identifies the issues remaining for trial. The June 9, 2010, settlement conference scheduled before Judge Couch may, of course, resolve the entire dispute. There is ample reason for both parties to pursue such a result aggressively.

**IT IS SO ORDERED**.

Dated this 17th day of May, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7]See Scheduling Order, Doc. #33.

4